```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

COCO OIL & GAS, LLC                    *    CIVIL ACTION
                                       *    NO. 11-168
VERSUS                                 *    C/W 11-200
                                       *
                                       *    REF: 11-168
SHANNON TERRY, ET AL                   *    SECTION "B"(4)
```

## ORDER & REASONS

Plaintiffs' Motion to Remand (Rec. Doc. No. 14), requesting the Court remand the instant matter to the 25th Judicial District Court ("JDC") for the Parish of Plaquemines due to lack of subject matter jurisdiction is hereby **GRANTED**.

This case arises from allegedly wrongful conduct engaged in by Defendants relating to the corporate procedure of Poydras Energy Partners, LLC ("Poydras") and the actions of its agent. (Rec. Doc. No. 1-1, at 3-4). On January 18, 2011, Plaintiff filed a Petition for Writ of Quo Warranto and for Injunctive Relief in the 25th Judicial District Court for the Parish of Paquemines. (Rec. Doc. No. 1-1, at 1). Plaintiffs allege that Shannon Terry illegally usurped the office of Manager of Poydras by failing to follow corporate formalities pertaining to election and removal of managers of a limited liability company ("LLC"); Plaintiffs thus asked the state court to issue a writ of quo warranto to have Mr. Terry prove his entitlement to declare himself manager of Poydras. *Id.* at 2-4. Plaintiffs further allege that Mr. Terry and Mr. Westerfield have engaged in activity that interferes with the operation of Poydras; to this end, Plaintiffs seek injunctive

relief against Mr. Terry and Mr. Westerfield to prevent them from (i) exercising any authority as manager of Poydras, (ii) identifying themselves as managers or agents of Poydras, (iii) filing any documents with the Louisiana Secretary of State and/or with any Clerk of Court in the State of Louisiana attempting to name themselves as agent or manager of Poydras, (iv) attempting to have themselves named as a signatory on any bank account or financial account owned and/or operated by Poydras, (v) attempting to gain access to or change the locks on the Poydras offices, and (vi) interfering with Plaintiff Freeman's alleged authority as Manager of Poydras.

Poydras is a Louisiana LLC, the extent of membership interest of which is disputed amongst the parties. (Rec. Doc. Nos. 1-1, at 2-3; 14-1, at 1 and; 27, at 2-6). Plaintiffs contend that Poydras is composed of two members, Coco Oil & Gas, LLC ("Coco") and St. Francisville Oil & Gas, LLC ("SFOG"), each of which own a 50% membership interest in Poydras. (Rec. Doc. No. 14-1, at 1).

However, Defendant Terry claims that DDD Energy, LLC ("DDD") controls 25% of Poydras. (Rec. Doc. No. 27, at 3). Defendant Terry controls DDD, which Defendants allege also has a 50% interest in Coco. *Id*. DDD is a Texas LLC owned by the Coryell-Ouachita Group, Inc., a citizen of Texas. (Rec. Doc. No. 1, at 4). Defendant Terry is a citizen of Florida. (Rec. Doc. No. 14-1, at 2).

Defendant Terry claims that the January 13, 2011 vote, which

2

was attended by the members of Poydras, to remove Plaintiff Freeman as a manager of Poydras and terminate Freeman's employment with Poydras was valid. (Rec. Doc. No. 27, at 6). Defendant Terry bases this claim on the assertion that he acted with 75% of the membership interest in Poydras. *Id.* On the other hand, Plaintiff Freeman contends that the January 13 meeting was illegally noticed and illegally conducted. (Rec. Doc. No. 14-1, at 2).

Plaintiffs also allege that Defendant Westerfield, a citizen and resident of Texas, acted without authority and at the behest of Defendant Terry in contacting vendors and contractors of Poydras and attempting to gain access to oil leases operated by Poydras. (Rec. Doc. Nos. 1-1, at 4; 14-1, at 3 and; 27, at 14). Plaintiffs therefore seek the abovementioned injunctive relief against Defendant Westerfield. *Id.* at 6.

Plaintiff Freeman is a citizen of Louisiana. (Rec. Doc. No. 14-1, at 2). The parties agree that Plaintiff Coco is a citizen of Louisiana and Texas. (Rec. Doc. Nos. 1, at 4 and; 14-1, at 2).

Procedural History:

Plaintiffs filed a Petition for Writ of Quo Warranto and for Injunctive Relief in the 25th JDC. (Rec. Doc. No. 1-1). Plaintiffs claimed that no amount of money damages could account for the value of Plaintiff Freeman's alleged right to control and manage Poydras. (Rec. Doc. No. 1-1, at 5). Thus, Plaintiffs claim in their Petition that the alleged wrongful usurpation of authority by Defendant Terry

3

and the interference allegedly caused by Defendant Westerfield do not entitle Plaintiffs to money damages. *Id*. On the same day that Plaintiffs filed their Petition in state court, Judge Lobrano of the 25th JDC ordered that a Writ of Quo Warranto be issued to Defendant Terry and issued a Temporary Restraining Order against both Defendants. *Id*. at 7. The state court set Plaintiffs' Petition for hearing on January 26, 2011. *Id*. at 7-8.

On January 25, 2011, Defendants filed a Notice of Removal, arguing that Plaintiffs fraudulently joined Defendant Westerfield in order to destroy diversity jurisdiction. (Rec. Doc. No. 1, at 5). Defendants additionally argued that because Plaintiffs fraudulently joined the quo warranto claim with the request for injunctive relief, the court should sever the two claims and thus dismiss Mr. Westerfield from the proceeding in federal court. *Id*. Defendants also contend that Freeman, as a member owning 50% of Coco, lacked the ability to have Plaintiff Coco bring an action against Defendant Terry, who managed DDD, which owned the other 50% of Coco. *Id*. at 6. Defendants thus contend that Plaintiff Coco was fraudulently joined[1] to defeat diversity. *Id*. Finally, Defendants contend, in a conclusory manner, that the amount in controversy

---

[1] The Court should note that the word "joined" as used by the parties is the wrong verb. Procedurally, Plaintiff Coco was never "joined" to the action.

4

exceeds $75,000.00. *Id*.[2]

On February 15, 2011, Judge McNamara consolidated the present action with Civil Action Number 11-200 and Civil Action Number 11-243. (Rec. Doc. No. 9).[3]

In Civil Action Number 11-243, Coco and Freeman seek to dissolve the "Agreement for Acquisition of Interest in Poydras Energy Partners, LLC" which they both allegedly entered into with DDD Energy, LLC, St. Francisville Oil & Gas, LLC, and Shannon Terry. (Rec. Doc. No. 1-2). Plaintiffs therein seek damages. *Id*. at 3. In Civil Action Number 11-200, DDD Energy, LLC and Shannon Terry seek declarative relief, a temporary restraining order, and preliminary and permanent injunction while asserting claims of securities fraud against and seeking damages from David Freeman. (Rec. Doc. No. 1).

On February 17, 2011, Plaintiffs filed the instant Motion to Remand in Case No. 11-168 with this Court. (Rec. Doc. No. 14). Defendants filed an opposition to the instant motion. (Rec. Doc. No 27).

On March 1, 2011, Plaintiffs filed a Motion to Remand Civil Action Number 11-243, asserting a lack of complete diversity. (Rec.

---

[2] Plaintiffs sought to enjoin Defendants from accessing any bank or financial account on behalf of Poydras. There was no claim that the amount of money held in such accounts owned by Poydras exceeded $75,000.00. (Rec. Doc. No. 1, at 6).

[3] The cases were ultimately reallotted to this section upon Judge McNamara taking inactive senior status.

Doc. No. 26).  Defendants filed an opposition memorandum.  (Rec. Doc. No. 28).  In their opposition, Defendants assert that Plaintiff Freeman fraudulently joined a party to destroy diversity jurisdiction.  *Id*.  That motion to remand was ultimately granted, rejecting the fraudulent joinder contention.  (Rec. Doc. No. 44).

Plaintiff Coco is a proper party to the instant lawsuit. Plaintiff Freeman, as Manager, can cause Coco to bring legal action against DDD, a member with a 50% ownership interest. Further, the action for injunctive relief against Defendant Westerfield was properly brought with the action for quo warranto.

Defendants also claim that by filing the instant suit, Plaintiff Freeman has acted against Coco's interest and thus has a conflict of interest with Coco.  According to Defendants, this conflict prevents counsel for Plaintiff Freeman from representing Plaintiff Coco.  Disposition of such claims would be appropirate in a court with jurisdiction to hear same.

I. *Law and Analysis*

A.  *Removal Requirements*

Federal courts are courts of limited subject matter jurisdiction and only have the power to hear legal disputes when authorized by Congress or where provided in the Constitution.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  Federal courts have original jurisdiction over civil actions based on diversity

jurisdiction only if certain requirements are met at the outset of the case, only two of which are important in the current proceeding: (i) the monetary value of the matter in controversy must exceed $75,000.00; and (ii) the parties must be completely diverse–no two opposing parties can be citizens of the same state. 28 U.S.C. § 1332. Because of these strict requirements, "there is a presumption against subject matter jurisdiction . . . [in a] federal court." *Coury*, 85 F.3d at 248.

The party removing an action to federal court has the burden of rebutting the presumption against subject matter jurisdiction. *Coury*, 85 F.3d at 248. *See also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921); *Saxton v. Capital One Bank*, 392 F. Supp. 2d 772, 777 (S.D. Miss. 2005)("A defendant who removes an action from state court to federal court bears the 'heavy' burden of demonstrating this court's subject-matter jurisdiction and that removal was proper.").

Thus, the party seeking removal has the burden of establishing the existence of federal jurisdiction. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). Because the removal statutes are to be strictly construed, any doubts and ambiguities regarding the bases for removal should be resolved against a finding of proper removal. *See Dodson v. Spilliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *see also Saxton*, 392 F. Supp. 2d at 777. Doubts

regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d, 335, 339 (5th Cir. 2000). If the defendant seeking removal cannot meet the "heavy" burden of proving proper jurisdiction, the district court must remand the action to state court pursuant to 28 U.S.C. § 1447(c). *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993).

    B.    *Amount in Controversy*

Because Louisiana Code of Civil Procedure Article 893 prohibits plaintiffs from specifying a numerical value of claimed damages, the Fifth Circuit has determined a framework for resolving disputes concerning the amount in controversy. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Defendants who seek to remove an action to federal court must prove that the amount in controversy exceeds the jurisdictional amount by either (i) demonstrating that the claims on the face of the state court petition are likely above $75,000 in sum or value or (ii) setting forth "summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). *See also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-883 (5th Cir. 2000).

In an action for declaratory or injunctive relief, the amount in controversy requirement is determined by the "value of the right to be protected or the extent of the injury to be prevented." *St.*

8

*Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998). Thus, when a party seeks injunctive relief, the value of the object of the litigation determines the amount in controversy. *Hunt v. Wash. State Adver. Comm'n*, 432 U.S. 333, 347 (1977). *See also Moore v. State Farm Mut. Auto Ins. Co.*, 520 F.Supp.2d 815, 825 (E.D. La. 2007).

In the current proceeding, Defendants allege that the amount in controversy is plainly met. According to Defendants, a holding in Plaintiff Freeman's favor regarding the quo warranto action would lead to his entitlement to "the retention of control of Poydras and Coco, their bank accounts, finances, and operations." (Rec. Doc. No. 27, at 9). Defendants further allege that Plaintiff Freeman would become entitled to the investments that Defendants have allegedly made on Poydras's behalf to satisfy its business debts and operational costs. *Id*. Defendants also assert that the value of Poydras's oil and gas wells and mineral leases exceed $120,000,000. *Id*. at 10. While not altogether clear on this point, they seem to argue that if Plaintiff Freeman is found to be manager of Poydras, the amount in controversy will be met in the quo warranto action because of the nature of the position and the access it affords to company assets. Finally, they assert that, if Plaintiff Freeman is found manager of Poydras, he will be entitled to an annual salary of $140,000.

The object of the current quo warranto action is the position

of manager of Poydras. The objects of the action for injunction are the alleged actions of the Defendants relating to their claim of control and agency over Poydras. Plaintiffs explicitly state that they do not seek damages or pray for an award of damages. (Rec. Doc. No. 14-1, at 5). Thus, Defendants must show by "summary judgement type evidence facts in controversy that support a finding of the [jurisdictional] amount." *Manguno*, 276 F.3d at 723. Plaintiffs point to the Notice of Removal filed by Defendants to argue that Defendants did not "assert any summary judgement type facts in controversy which prove by a preponderance of the evidence" that the value of the equitable relief sought by Plaintiffs is more than $75,000.[4] (Rec. Doc. No. 14-1, at 6).

"The jurisdictional facts that support removal must be judged at the time of removal." *Gebbia*, 233 F.3d 880 at 883. "Post-removal affidavits may be considered in determining the amount in controversy at the time of removal," but "only if the basis for jurisdiction is ambiguous at the time of removal." *Id.* In the instant proceeding, the basis for this Court's jurisdiction is ambiguous in the Notice of Removal, therefore the Court may consider post-removal affidavits provided by Defendants. In an affidavit

---

[4] In fact, Defendants only state the following in their Notice of Removal: "This is a civil action seeking to remove a defendant from his position as Manager of a company, and seeking to enjoin defendants from accessing any bank or financial account of Poydras. The amount in controversy therefore exceeds the amount of $75,000, exclusive of interest and costs." (Rec. Doc. No. 1, at 6).

attached to Defendants' opposition, Defendant Terry states relevant facts about the current amount in controversy discussion. (Rec. Doc. No. 27-1). According to Terry, both he and his companies have contributed a significant amount of money to the operational costs and discharging of debts of Poydras. *Id*. at 3.

Louisiana recognizes the concept of separate corporate identity. La. Rev. Stat. Ann. § 12:1304. A LLC is a legal entity separate from its members. *See id*. According to La. Rev. Stat. Ann. § 12:1329, a member of a LLC has no interest in property that belongs to the LLC. Thus, a LLC is a separate and distinct judicial entity from its members. *See Kelly v. Porter, Inc.*, 687 F.Supp.2d 632 (E.D. La. 2010)(finding that the sole member of a LLC did not have ownership interest in a vessel purchased by the LLC and thus could not bring tort action on his own behalf when the vessel malfunctioned); *Meadaa v. K.A.P. Enterprises LLC*, 2010 WL 3328003, at *6 (W.D. La. 2010)(finding that investment money held in a bank account opened in the name of a LLC belonged to the company and not to the investors or the sole contributing members who deposited the money); *Wallace v. AeroPremier Jet Center, LLC*, 2010 WL 3081370. At *2 (E.D. La. 2010)("[W]hen property is acquired by an LLC and owned wholly by the LLC, the property interests are strictly those of a separate legal entity."); *In re Mendy*, 2003 WL 21488654, at *3 (E.D. La. 2003)(finding that member of LLC had no ownership interest in the properties owned by the LLC or the proceeds of the loans

obtained by the company).[5]  "A member [of a LLC] owns an interest in the LLC rather than an interest in the LLC's property."  9 LA Civil Law Treatise § 1.37 (2010).

By virtue of the cited doctrine and La. Rev. Stat. Ann. § 1329, the large sum of money allegedly expended on debts and operational costs of Poydras belong to Poydras, not the manager of Poydras.  As a citizen of Louisiana, Louisiana's LLC laws apply to Poydras.  (Rec. Doc. No. 27-3, at 1).  Therefore, any monies contributed to Poydras's operational expenses and debts by the members belong to Poydras and not to any individual member.  Defendant Terry cites no applicable legal authority to satisfy the amount in controversy requirement simply because his LLC spent $75,000.00 on behalf of another LLC.  Those expenditures are not an object of the quo warranto action or the injunction action because they belong to the LLC Poydras.  A finding for Plaintiffs will not entitle them to the monies contributed by other members of Poydras.

Poydras' well and lease assets belong to Poydras as a corporate entity, not the manager or members of Poydras.[6]  La. Rev. Stat. An. § 1329.  The members of Poydras have no personal interest in

---

[5] *See also Northeast Realty, L.L.C. v. Misty Bayou, L.L.C.*, 40-573 (La. App. 2 Cir. 1/25/06); 920 So.2d 938(same); *Van Meter v. Gutierrez*, 2004-0706 (La. App. 4 Cir. 2/16/05); 897 So2d 781(same).  "Members in an LLC hold no direct ownership interest in the assets of the LLC."  8 LA. Civil Law Treatise § 44.12 (2010).

[6] Defendants make no argument that Plaintiffs will loot the assets of Poydras.

Poydras's property. Further, the well and lease assets are not objects of this litigation as a ruling in Plaintiffs' favor on either the quo warranto or injunction actions will not affect which party is entitled to use or ownership of these assets; a court will only determine which party, if either, is the Manager of Poydras and thus who can *control* the assets of Poydras. Ownership of the assets will remain with Poydras.

Defendants also claim that the "Agreement for Acquisition of Interest in Poydras Energy Partners, LLC" states that DDD is to provide for employment of Plaintiff Freeman at Poydras and pay him a monthly salary of $12,000. (Rec. Doc. No. 27-3, at 3). However, this salary was only mandated for a period of "not less than eight months," *id.*, which has elapsed. (Rec. Doc. No. 27, at 3). Nothing in the agreement or the affidavit states that DDD had to continue paying Plaintiff Freeman this amount of monthly compensation for a period lasting longer than eight months. The allegation by Defendants that the amount in controversy is met because of the salary or compensation that Plaintiff Freeman would receive if he is successful in the quo warranto action is baseless. No competent evidence exists to suggest a ruling in Plaintiff Freeman's favor would entitle him to a salary or compensation in excess of the jurisdictional amount; moreover, Freeman has not asserted a claim for such here.

For similar reasons found in the prior remand order, and

13

adopted here, defendants' fraudulent joinder claims are rejected. (*See*, Rec. Doc. No. 44).

Accordingly, Plaintiffs' Motion to Remand is **GRANTED.** Civil Action Number 11-168 shall be severed from the other proceeding with which it was consolidated, and remanded to the 25th Judicial District Court for the Parish of Plaquemines.

New Orleans, Louisiana, this 28TH day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE